```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EVA MALLEK,

                Plaintiff,                    MEMORANDUM & ORDER
                                              ADOPTING R&R
     -against-                                & DENYING MOTION
ALLSTATE INDEMNITY COMPANY,                   TO AMEND
KEVIN SHAEFER,
JOHN DOE,
JANE DOE,                                     17-CV-5949(KAM)

                Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court is the Report and Recommendation of United States Magistrate Judge Sanket J. Bulsara, filed on March 12, 2018, recommending that plaintiff's Motion to Remand filed October 20, 2017, plaintiff's duplicative Motion to Remand filed February 13, 2018, and plaintiff's Motion for Sanctions filed February 21, 2018 be denied. (Report and Recommendation ("R&R"), ECF No. 26 at 1; Motion to Remand, ECF No. 9; Second Motion to Remand, ECF No. 21; Motion for Sanctions, ECF No. 22.)[1] On March 26, 2018, the plaintiff filed a joint Motion to Amend and Objections to the R&R which the Court interprets as a timely objection to the R&R and Motion to Amend. (Plaintiff's Motion to Amend and Objections to the

---

[1] Citations to page numbers in documents filed on the court docket using the Electronic Court Filing System ("ECF") refer to the page numbers assigned by ECF.

1

Report and Recommendation, ECF No. 27.) Defendant Allstate Indemnity Company ("Allstate") did not object to the R&R, but responded to plaintiff's objections to the R&R and opposed the Motion to Amend. (Defendant's Memorandum in Opposition, ECF No. 29; Defendant's Opposition to Plaintiff's Motion to Amend (ECF No. 27), ECF No. 30.) Familiarity with the factual background of this action, set forth in detail in the R&R, is assumed. (*See* ECF No. 26 at 1–3.)

**Legal Standard**

A. Objections to the Magistrate Judge's Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). The court must review the portions of the R&R to which timely and proper objections are made *de novo*. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation "must point out the specific portions of the report and recommendation to which [that party] object[s]." *U.S. Flour Corp. v. Certified Bakery. Inc.,* No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); *see also* Fed.R.Civ.P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R & R]."). However, if a party "makes only conclusory or general objections, or simply

reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Friedman v. Self Help Cmty. Servs.*, No. 11-CV-3210, 2015 WL 1246538, at *3 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom. Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44 (2d Cir. 2016); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005); *Fortgang v. Pereiras Architects Ubiquitous LLC*, No. 16-CV-3754, 2018 WL 1505564, at *2 (E.D.N.Y. Mar. 27, 2018); *Frankel v. City of New York,* No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb.25, 2009); Fed. R. Civ. P. 72(b).

Additionally, "even in a *de novo* review of a party's specific objections, the court ordinarily will not consider arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance." *U.S. Flour Corp.*, 2012 WL 728227, at *2 (citing *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

B. Motion to Amend Pleadings

"Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading 'shall be freely given when justice so requires.'" *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)(citing Fed.R.Civ.P.

3

15(a).) However, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Id*. (citing *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (per curiam)). Where an amendment has no merit and is thus futile, leave to amend should be denied. *Id*. (citing *Health-Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990)). An amendment to a complaint is futile where the proposed claim could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Dougherty v. North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts, that if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A pro se complaint must be construed liberally to raise the strongest claim it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it must still satisfy the same pleading requirements and, "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010)(citations omitted).

4

**Discussion**

The plaintiff objected to the R&R issued by Judge Bulsara on three overarching bases: 1) defendant Schaefer was properly joined, 2) the citizenship of Allstate's attorneys rendered removal improper, and 3) she was entitled to sanctions against the defendants. In her Motion to Amend and Objections to the R&R, the plaintiff argued that the decision to deny remand was "solely based on the argument that 1) Cellilli and Skarzynski had never been mentioned, and 2) that Schaefer is not accountable for non-contractual offenses . . . and on torts of misleading/fraudulent advertising." (ECF No. 27 at ¶ 95.)

In her submissions, plaintiff offered only conclusory statements and a few inapposite cases to support her argument that the defendants she alleged were properly joined had breached the insurance contract, and that they did so in a tortious fashion. (*Id*. at ¶¶ 5-17.) Plaintiff also cursorily addressed issues extensively and correctly analyzed by the magistrate judge in recommending against remand, including fraudulent joinder and the home state bar to remand. Plaintiff dedicated substantial portions of her objection to describing an alleged conspiracy between the insurance industry and the National Association of Insurance Commissioners to implement and uphold unjust laws, (*Id*. at ¶¶ 18-24,) and conclusory statements regarding the unconscionability of the insurance contract at

issue and of New York insurance laws that provide limits on damages. (*Id*. at ¶¶ 27-42.)

Plaintiff's conclusory statements and general objections overly simplify the analysis in the R&R and reiterate arguments made by the plaintiff earlier in the record that Judge Bulsara considered prior to issuing the R&R. As the objections are conclusory and repetitive, they are subject to clear error review. *See Friedman*, 2015 WL 1246538, at *3. Nonetheless, even upon *de novo* review, the court adopts Judge Bulsara's thorough and well-reasoned analysis.

The court, on *de novo* review, agrees with and entirely adopts the R&R's detailed analysis of potential claims that could be inferred from the *pro se* Complaint, liberally construed, to determine if any valid cause of action exists against Schaefer such that plaintiff could potentially be entitled to relief against Schaefer in New York State Court. (*See* ECF No. 26 at 6-17.) Upon such analysis, the court agrees with Judge Bulsara's conclusion that although the plaintiff's complaint could be liberally construed to allege causes of action for breach of contract, gross negligence and defamation, based on the facts alleged, none of those claims are viable causes of action against Schaefer under New York law and would not be viable in New York State Court. (*Id*. at 15.)

The first basis of the plaintiff's objection, that Schaefer was properly joined, reiterates arguments made previously in her Motion to Remand and supporting papers. (*See e.g.* ECF No. 9 at 2-4; Reply in Support of Motion to Remand, ECF No. 18 at 6.) In the plaintiff's Reply in Support of Motion to Remand, she argued:

> Schaefer most definitely cannot be removed from the suit. All the Defendants were clearly named in the original Complaint and misreading the Complaint can only be attributed to ineptitude, corruption or juvenile wishful thinking. All the allegations mentioned at the outset in the Complaint are made against all Defendants since they are aiding and abetting each other in the process of financially exploiting the elderly insured.

(ECF No. 18 at 6.) Just a few paragraphs after acknowledging that agents like Schaefer "have no fiduciary duties to insureds," (ECF No. 27 at ¶51,) the plaintiff reversed her position. (*Id.* at ¶55.) In support of the plaintiff's earlier argument that Schaefer had fiduciary duties to her and "failed to oversee [plaintiff's] account properly," (ECF No. 26 at 15; *see also* ECF No. 9 at 3-4,) the plaintiff conclusorily stated that Schaefer breached an independent duty of care it owed the plaintiff. (*See* ECF No. 27 at ¶55.) To the extent that plaintiff's assertions regarding a duty of care owed by Schaefer are separate from the fiduciary duties alleged and correctly rejected in the R&R, this is a new argument that "could have been but [was] not, presented to the magistrate judge in the

7

first instance," and as such, the court need not consider it. *U.S. Flour*, 2012 WL 728227, at *2 (citation omitted). Even were the court to consider these assertions, however, they are meritless. A duty of care is a fiduciary duty and the R&R correctly establishes that, "there is no fiduciary relationship between an insurance agent and a customer, absent some evidence of a special relationship, which is lacking in this case." (ECF No. 26 at 17 n. 7.)

The plaintiff also makes bare allegations in opposition that defendant's breach of the general duty of good faith that applies to parties in a transaction constitutes a tort. (*See* ECF No. 27 at ¶10.) The court agrees with Judge Bulsara's analysis of Plaintiff's bad faith claims, that "[Plaintiff's] claim of bad faith by Allstate is coextensive with her breach of contract claim that Allstate failed to abide by its agreement to cover damage to her home." (ECF No. 26 at 13.) As such, given plaintiff's breach of contract claim, the bad faith claim fails to state a claim on which relief may be granted and is dismissed. (*Id*.)

The second main argument, regarding the citizenship of Thomas H. Cellilli and Skaryzynski Black LLC ("Skaryzynski"), was raised in the plaintiff's initial Motion to Remand and in her Reply. (*See e.g.* ECF No. 9 at 4-5 (naming Allstate's counsel Skaryzynski, a New York law firm, and Cellilli, a

partner at Skarzynski, as "two separate consultants and defendants" and New York citizens); ECF No. 18 at 2, (naming Skaryzynski and Cellilli as defendants).) In the plaintiff's Motion to Amend and Objections to the R&R, she edited the case caption to include Cellilli and Skaryzynski and asked that the Court "[amend] the list of defendants of record so that it corresponds with the list which to date has been used to properly serve pleadings to the defendants on this case." (ECF No. 27 at 1.) Plaintiff also stated that "the New York Defendants Cellilli, Skarzynski, and Schaefer are parties to this lawsuit as clearly expressed in the text of the Report and Recommendation . . . p. 9, paragraph 2 that points to the paragraph heading in the original pleading: 'THEFT BY ALLSTATE, REPRESENTATIVES AND COUNSEL VIA BREACH OF CONTRACT MECHANISM.'" [2]

---

[2] An opposition to a report and recommendation is not the proper vehicle for amending a case caption or introducing new arguments to amend a Complaint to add new defendants. *See e.g.* 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012) (citing *Kennedy*, 2006 WL 3704784, at *1)("Even in a *de novo* review of a party's specific objections, the court ordinarily will not consider arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance."); *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (citations omitted). Even if leave were granted for the plaintiff to amend her complaint to include additional New York defendants, the addition would not affect the removal analysis in the R&R as diversity is determined at the time the complaint underlying the removal petition was filed. (*See* ECF 26, at 21 ("But, in any event, the propriety of the removal is determined by the operative Complaint. The operative complaint is the original complaint Mallek filed in state court. The Complaint does not make any mention of Cellilli or Skarzynski Black . . .")); *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, No. 14-CV-6989, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015)(citing *Vera v. Saks & Co.,* 335 F.3d 109, 116 n. 2 (2d Cir.2003); *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939))("It is settled law that a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal. . . Post-removal amendments to the pleadings

(*Id.*)  The R&R makes clear that Judge Bulsara considered whether Cellilli or Skarzynski were defendants at the time the Complaint was filed to ascertain the propriety of removal, and correctly determined that they were not.  (ECF No. 26 at 21-22.)  Judge Bulsara explained:

> In the Motion to Remand and Complaint and other documents filed with the Court, Mallek makes allegations against other persons and entities.  Those allegations do not change the outcome of this Court's recommendation.  In evaluating the propriety of a removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded."  As a result, the propriety of Allstate's removal is not affected by the citizenship of any Doe defendant.  Mallek states that Allstate's lawyer—Thomas H. Cellilli, III and his law firm Skarzynski Black LLC—are the John Doe defendants, and because they are both New York citizens, their presence in the case defeats diversity.  The argument is without merit.  The Doe defendants remain Doe defendants, and the Court has not entered any order substituting them.

(*Id.* (citations omitted).)  The R&R stated that if the plaintiff wished to add the two new parties, she must amend the Complaint.  (*Id.*)  Nowhere does the R&R state or imply that either Cellilli or Skarzynski were presently defendants or that the Complaint could be amended as part of an objection to the R&R.  (*Id.*) Plaintiff titles one section of her objection, "The Home State Removal Bar," but does not use it to address any of the findings

---

should not be considered."); *see also Brooks v. Starbucks Corp.*, No. 13-CV-2705, 2013 WL 4520466, at *3 (E.D.N.Y. Aug. 26, 2013).

10

in the R&R—instead she reiterates that she "oppose[s] the Court's Recommendation to deny Remand which recommendation was solely based on the argument that 1) Cellilli and Skarzynski had never been mentioned." (ECF No. 27 at 95.) Plaintiff's addition of new factual allegations against Cellilli and Skarzynski is unavailing and does not alter the outcome as they are not defendants.

To the extent plaintiff's Motion to Amend and Objections to the R&R state a request to file an amended complaint that joins Schaefer Agency Inc. a/k/a Kevin Schaefer, Thomas Wilson, Allstate's CEO, Cellilli and Skarzynski, Plaintiff's Motion to Amend is denied as plaintiff's new allegations are a thinly veiled attempt to "oust the federal court of its subject-matter jurisdiction" and consist of vague and conclusory statements that do not state any cognizable right of action against the current or proposed new defendants. (*See* ECF No. 26 at 22, n.10. (citing 14C Wright & Miller § 3738 (4th ed.)) Plaintiff characterizes the motion to amend as an attempt to amend only the case caption to reflect currently and properly served defendants, however, the R&R makes clear that the only current defendants are Allstate and Schaefer. (*Id*. at 21-22.) Further, the motion to amend, which seeks to add new defendants and claims and to disqualify Allstate's counsel based on those new proposed claims, is futile, as it fails to state a claim on

11

which relief could be granted for the reasons clearly outlined in defendants' Opposition to the Motion to Amend. (*See* ECF No. 30 at 4-28.)

Plaintiff's objections to the denial of sanctions take the form of three brief sentences reiterating her previous demands for sanctions.

> 97. The Plaintiff once again requests upon Remand, sanctions in favor of the Plaintiff for the Defendants' pattern of vexatious litigation.
> 98. The Plaintiff also requests for sanctions against Defendants for abusing the Mediation process and utilizing that forum to apply pressure and extortion that offended and intimidated the Plaintiff.
> 9[9]. The Plaintiff also requests additional sanctions against Defendants for the gratuitous tort offenses in cancelling her 2018 policy based on defamatory allegations made against the Plaintiff and communicated to her mortgage holder.

(ECF No. 27 at ¶¶ 97-99.)

In her initial motion for sanctions, the plaintiff asked the court to sanction the defendants for:

> [R]emoving the case to this venue based on frivolous reasons, demonstrated bad faith for the purposes of delaying payment on her claim on an insurance policy, abuse of the judicial system, and in particular, for abusing the Mediation Process. Sanctions ought to also be issued against Defendants for perjury offenses and defamation of the Plaintiffs character in this Court. Sanctions are also requested for the time, effort, and expenses exerted by the Plaintiff in proceedings in this Court.

(Motion on Third Request to Remand & Motion for Sanctions, ECF No. 21 at 1.)

In her second motion for sanctions, the plaintiff requests new sanctions against the defendants for:

> [C]ausing ADDITIONAL intentional emotional distress and financial harm to the Plaintiff this week by cancelling her policy for the coverage year beginning in March 2018 on false allegations by the Defendants that the Courts to-date have not deliberated upon.

(Motion for New Sanctions Against Defendants for Cancelling Plaintiff's 2018 Policy Based on Fraudulent Allegations & Usurping the Authority of the Court, ECF No. 22 at 1.)

Like the plaintiff's objections to Magistrate Judge Bulsara's recommended finding that removal was proper, the plaintiff's objections to the recommendation to deny sanctions merely restate arguments that were before Judge Bulsara for consideration at the time he issued the R&R.

The plaintiff cursorily addresses fraudulent joinder and the home state bar, however, her objections are general and conclusory in nature. (ECF No. 27 at ¶ 91-96.) For example, she argues that she, "stated non-contractual tort offenses sufficient to justify causes of action against the non-diverse Defendants in State Court." In essence, plaintiff generally restates the basis of her remand motion and a remarkably general objection to Judge Bulsara's detailed, well-reasoned analysis of fraudulent joinder.

The plaintiff also asserts that Allstate, Schaefer, Cellilli, Skaryzynski and Wilson, tampered with evidence and a

13

witness, and that Skaryzynski has a conflict of interest stemming from its representation of Allstate. (*Id*. at ¶¶ 71-75, 94.) These assertions are again presented in a conclusory manner. Further, the plaintiff advanced similar arguments in her Motion to Remand and her Statement Reaffirming Remand Request, accusing the defendants generally of unlawfully manipulating evidence and accusing Cellilli and Skarzynski of tampering with evidence to obstruct justice. (*See e.g.* ECF No. 9 at 5, 7; ECF No. 18 at 2, 18.) For the reasons stated in the R&R and stated above, plaintiff's arguments are without merit with regard to Schaefer and irrelevant with regard to Cellilli and Skaryzynski as they are not defendants in this matter. (*See supra.* at 7-11; ECF No. 26 at 22 n.11.)

The plaintiff also contends that the insurance contract at issue in this case is unconscionable because it was a contract of adhesion and Allstate failed to provide her with a copy of her full policy until after she filed a claim. (*See* ECF No. 27 at ¶¶36-37.) Plaintiff cursorily raised the issue of unconscionability in her Second Motion to Remand. (*See* ECF No. 21 at 5, ¶3; ECF No. 22 at 1-2.) However, she did not assert unconscionability with respect to any act by Schaefer specifically, nor does she provide any facts to support such a claim against Schaefer in her objection to the R&R. In the plaintiff's Motion for Remand and Sanctions, plaintiff advanced

14

this argument against Allstate. On her motion, plaintiff also included new assertions against Allstate and Schaefer for false advertising and misleading the plaintiff. (ECF No. 27 at ¶¶ 48-50.) These assertions are conclusory and general objections to remand. They do not address any specific portion of the R&R and do not provide facts in support of the claims. Instead, they essentially assert that Allstate should have disclosed that Schaefer had no fiduciary duty to the plaintiff. As a final attempt to challenge diversity, plaintiff alleges that Allstate may not be diverse. This argument recapitulates the argument the plaintiff made in her Reply in Support of the Motion to Remand, (*See* ECF No. 18 at 10,) and Judge Bulsara correctly determined that there was complete diversity once Schaefer, who was fraudulently joined, was removed from the case. (ECF No. 26 at 20.) Plaintiff's final efforts to support remand are comprised of general, conclusory and repetitive allegations.

As previously noted, despite this court's *de novo* review, arguments that merely rehash old arguments, that are conclusory, or that do not raise targeted objections to the R&R may be reviewed for clear error. Simply restating the original arguments that the R&R has addressed or making new unfounded allegations in response to the R&R is insufficient to trigger *de novo* review. *See Machicote v. Ercole*, No. 06-Civ-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)(citing *Indymac Bank,*

15

*F.S.B. v. Nat'l Settlement Agency, Inc.,* 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)). Plaintiff's objections raised in opposition to the R&R were either reiterations of previous arguments or general objections and conclusory statements. The court also denies plaintiff's objections under a clear error review standard as it finds no clear error. *Friedman,* 2015 WL 1246538, at *3. Nor, on *de novo* review, did the court find any basis to grant plaintiff's objections to the R&R.

**CONCLUSION**

Accordingly, Judge Bulsara's well-reasoned and thorough R & R is adopted in its entirety and the plaintiff's request that the case be remanded to state court and Motion for Sanctions are denied. (*See* ECF No. 26 at 1; Motion to Remand, ECF No. 9; Second Motion to Remand, ECF No. 21; Motion for Sanctions, ECF No. 22.) Plaintiff's Motion to Amend the Complaint, filed as part of her Motion to Amend and Objections to the R&R is also denied, as an amendment on the grounds alleged in plaintiff's motion would be futile. (*See* ECF No. 27.) The parties are referred to the assigned Magistrate Judge for supervision of any settlement discussions, discovery, and all remaining pre-trial issues.

The Clerk of Court is respectfully requested to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated: July 31, 2018
       Brooklyn, New York

                                   _____/s/_____
                                   Hon. Kiyo A. Matsumoto
                                   United States District Judge