**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVA MALLEK,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE, ALLSTATE AGENT AND REPRESENTATIVE FOR ALLSTATE KEVIN SCHAEFER, JOHN DOE, JANE DOE AS ALL OTHER CONSULTANTS REPRESENTING ALLSTATE,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-5949-KAM-SJB |

## DECLARATION OF ZARINAH N. POWELL

Zarinah N. Powell, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

　　1.　　I have been employed by Allstate Insurance Co. ("Allstate") with a business address in Roanoke, Virginia, since June of 2003, and have been employed in the position of Senior Field Support Representative for Allstate since October of 2017.

　　2.　　My duties and responsibilities as Senior Field Support Representative for Allstate include supporting claims staff counsel and outside counsel, providing and certifying policy documents and policy cancellations, mild investigation into claims, providing affidavits and declarations, and testifying on behalf of Allstate.

　　3.　　The information contained herein is based on both my personal knowledge and my review of business entries maintained by Allstate as part of the regular and ordinary course of its business operations. It is and has been Allstate's regular course of business to maintain logs and reports made by its representatives with personal

Confidential Information

knowledge of the facts and events which are contemporaneously memorialized on Allstate's claims systems. It is the routine practice of Allstate to create these reports and it does so in the regular course of its business operations.

4. Allstate utilizes proprietary underwriting guidelines for issuance and renewal of homeowners policies.

5. I am familiar with this lawsuit currently pending in this Court brought by Eva Mallek against Allstate.

6. I am familiar with the Complaint and its Exhibit 5, a letter from Anna Truszkowski, with signature of Edward Liddy of Allstate, which sets forth in bold at the beginning "Confirming Your Policy Change" and provides "Information as of March 2, 2007" at the bottom (the "Amended Policy Declarations Letter").

7. Allstate produced a more legible copy of the Amended Policy Declarations Letter to Plaintiff through discovery, producing the document as AL00994, and the Standard Homeowners Policy Allstate issued to Plaintiff for the policy period beginning March 20, 2007, AL00993-1041 (the "2007 Policy"). *See* 2007 Policy, attached hereto as Exhibit A, at AL00994.

8. I provided the documents set forth as AL00993-1041 to Allstate's counsel for production in discovery, and certified that the documents enclosed included a copy of Policy Number 043794222, in the name of Eva N. Mallek, showing coverage that was on the policy period beginning March 20, 2007. *See* Exhibit A, at AL00993.

9. In order to determine the basis of the Amended Policy Declarations Letter, I rely on my first hand knowledge of certain facts, as well as my examination and review

Confidential Information

of business records kept in the ordinary and regular course of Allstate's business practices.

10. The Amended Policy Declarations Letter confirms a correction in name, an occupant change, a policy coverage change, and a premium increase by a total of $190.00, which changes would take effect on March 20, 2007. *See* Ex. A.

11. Plaintiff contends that Exhibit 5 supports her contention that she reported the change in occupancy status to Allstate (that title to the property insured at 88-20 207 St. Queens Village, New York (the "Premises") was in Plaintiff's name, but that Plaintiff's father, alone, continued to live at the Premises) and that Plaintiff's residence was in Forest Hills. *See* Motion pp. 2-3.

12. However, based on my examination and review of business records kept in the ordinary and regular course of Allstate's business practices, the name change noted in the Amended Policy Declarations Letter was a reference to a removal of Plaintiff's father as a named insured, leaving only Plaintiff as a named insured. *See* Ex. C (AL01094-99), Allstate's 2007 Policy History for Plaintiff's Policy ("Policy History"), at AL01096.

13. Based on my examination and review of business records kept in the ordinary and regular course of Allstate's business practices, the reference to "an Occupant has been changed" in the Amended Policy Declarations Letter was a reference to removal of Mario Gonzalez (widowed) from the occupant information, to solely Eva Mallek (married). *Id.;* Ex. A at AL00996; Ex. D (AL01100-17), the 2007 Policy renewal documents, providing information as of January 29, 2007, at AL01103.

Confidential Information

14. Based on my examination and review of business records kept in the ordinary and regular course of Allstate's business practices, prior to the name change noted in the Amended Policy Declarations Letter, both Plaintiff and her father were listed as named insureds on the policy declarations. *See* Ex. D at AL01103.

15. Based on my examination and review of business records kept in the ordinary and regular course of Allstate's business practices, the change in premium noted in the Amended Policy Declarations Letter was due to an increase in property and liability coverages. *See* Ex. C, at AL01097; Ex. D, at AL01104. 5; Ex. A. at AL00997.

16. Based on my personal knowledge of Allstate's underwriting guidelines, Allstate would not be able to write or renew the homeowners policy that is the subject of this lawsuit, if Plaintiff had, in fact, disclosed that she was spending zero percent of the time at the Premises. *See* Exhibit B (AL01044-1056).

The changes noted in the Amended Policy Declarations Letter therefore do not stand for changes asserted by Plaintiff (Motion pp. 2-3), as based on my personal knowledge of the underwriting guidelines and review of records kept in the ordinary and regular course of Allstate's business. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2021

*[signature]*

Zarinah N. Powell, Claim Support

Confidential Information